1   **WO**

2

3

4

5

6           **IN THE UNITED STATES DISTRICT COURT**

7              **FOR THE DISTRICT OF ARIZONA**

8

9   Michael Carmine Micolo,                     No. CV-14-02649-PHX-DGC

10                      Plaintiff,               **ORDER**

11   v.

12   County of Pinal, et al.,

13                      Defendants.

14

15          On December 31, 2014, Plaintiff Michael Carmine Micolo filed an amended

16   complaint asserting that Defendants used excessive force in his May 17, 2014 arrest, in

17   violation of the Fourth and Fourteenth Amendments.  Doc. 10.  On March 13, 2015, the

18   Court dismissed all claims against the Pinal County Sheriff's Department, and all of

19   Plaintiff's state law claims.  Doc. 24.  Defendants have filed a motion to dismiss the

20   remaining claims.  Doc. 48.  The motion has been fully briefed (Docs. 49, 53) and no

21   party has requested oral argument.  For the reasons set forth below, the Court will grant

22   the motion.  Plaintiff will be granted leave to amend to assert any claims he may have

23   based on Defendants' conduct after the arrest.[1]

24   **I.     Background.**

25          Plaintiff was arrested on May 17, 2014, on charges of criminal trespass,

26   _____

27      [1] Plaintiff attempted to file an amended response on January 27, 2016.  Doc. 52.
     An amendment of this type is not authorized by the Federal Rules of Civil Procedure or
     the Local Rules of Practice, and Plaintiff did not obtain leave of court to file such an
28   amendment.  In addition, the amendment was untimely.  *See* Doc. 47 (requiring Plaintiff
     to file his response by January 15, 2016).

aggravated assault of a police officer, and resisting arrest.  Doc. 10, ¶ 10.  Plaintiff alleges that he was suffering from delirium and acute renal failure at the time of the arrest, and that the arresting officer, Sergeant Stacy Sherwood of the Pinal County Sherriff's Department, punched, pushed, and tased him during the arrest.  *Id.*, ¶¶ 13, 18.  Plaintiff alleges that he was placed in an ambulance after the arrest, where his hands were cuffed and his ankles shackled.  *Id.*, ¶ 15.  Plaintiff alleges that the officers subsequently tightened his cuffs, causing him injury.  *Id.*

On August 28, 2014, the Pinal County Attorney filed a criminal complaint charging Plaintiff with criminal trespass, aggravated assault of a police officer, and resisting arrest.  Doc. 48-1 at 2.[2]  On November 6, 2015, Plaintiff pleaded guilty to one count of resisting arrest.  *Id.* at 18.  On December 1, 2015, the Pinal County Superior Court sentenced Plaintiff to two days in Pinal County Jail and eighteen months of supervised probation.  *Id.* at 23.

Plaintiff alleges that Sergeant Sherwood used excessive force during the arrest and seeks damages under 42 U.S.C. § 1983 for violations of the Fourth and Fourteenth Amendments.  Doc. 10.  Plaintiff also asserts a claim against Pinal County under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), alleging that Sherwood's conduct was undertaken pursuant to official policy.  The Court stayed the action pending resolution of the criminal case against Plaintiff.  Docs. 1, 38.  The Court lifted the stay on December 16, 2015, approximately two weeks after Plaintiff's sentencing (Doc. 47), and Defendants moved dismiss (Doc. 48).

## II.    Legal Standard.

A successful 12(b)(6) motion must show either that the complaint lacks a cognizable legal theory or fails to allege facts sufficient to support its theory.  *Balistreri*

---

[2] The Court takes judicial notice of the criminal complaint, plea order, and sentencing order supplied by Defendants.  *See* Fed. R. Evid. 201(b)(2); *Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001) (court may take judicial notice of public records on Rule 12(b)(6) motion).

*v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  A complaint that sets forth a cognizable legal theory will survive a motion to dismiss as long as it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim has facial plausibility when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

In ruling on a Rule 12(b)(6) motion, the Court takes the plaintiff's well-pleaded factual allegations as true and construes them in the light most favorable to the plaintiff. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).  Legal conclusions couched as factual allegations are not entitled to a presumption of truth and are not sufficient to defeat a 12(b)(6) motion. *Iqbal*, 556 U.S. at 678.

Pro se litigants are subject to the same pleading requirements as everyone else. *Calugay v. GMAC Mortgage*, No. CV-09-1947-PHX-LOA, 2009 WL 3872356, at *2 (D. Ariz. Nov. 18, 2009) (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986).  But courts have an obligation "to construe [pro se] pleadings liberally and to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).  If a pro se complaint does not state a claim upon which relief can be granted, the court must grant leave to amend "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

III.    **Analysis.**

A.    **Excessive Force During Arrest.**

Plaintiff's principal claim is that Defendants violated the Fourth and Fourteenth

Amendments by using excessive force against him during his arrest.  Doc. 10, ¶ 18.  He seeks damages for this alleged constitutional violation under 42 U.S.C. § 1983. Defendants assert that this claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

In *Heck*, the Supreme Court held that an individual who has been convicted of a state-law crime cannot obtain relief under § 1983 that "would necessarily imply the invalidity of his conviction" unless the conviction has been invalidated in a separate proceeding.  512 U.S. at 487.  The rationale for this rule is that federal law provides a different avenue for challenging a state-law conviction: a habeas corpus action under 28 U.S.C. § 2254.  *Heck* prevents an individual seeking to challenge his state-law conviction from sidestepping the exhaustion and other procedural prerequisites set forth in § 2254.

Although *Heck* involved a malicious prosecution claim, the Court made clear that its holding would also apply to certain excessive force claims.  *See* 512 U.S. 477 at n.6. Specifically, *Heck* prohibits an individual from bringing an excessive force claim if he has been convicted of resisting lawful arrest in connection with the same incident.  *Id. Heck* applies in these cases because an excessive force claim, if proven, negates an element of the offense of resisting lawful arrest – namely, the lawfulness of the arrest.  *Id.*

Lower courts have provided additional guidance on when a conviction for resisting arrest will bar an excessive force claim.  In some states, an individual can be convicted of resisting arrest even if the arrest was not lawful.  In these states, a conviction for resisting arrest is no bar to an excessive force claim.  *See Simpson v. City of Pickens*, 887 F. Supp. 126 (S.D. Miss. 1995); *Nelson v. Jashurek*, 109 F.3d 142, 145-46 (3d Cir. 1997).  In states where the lawfulness of the arrest is an element of the crime of resisting arrest, a valid conviction will bar an excessive force claim.  *See Smith v. City of Hemet*, 394 F.3d 689, 697 (9th Cir. 2005) (en banc).

Arizona is one of the latter states.  "A defendant can only be convicted of resisting arrest in Arizona if the officer's conduct was 'lawful' when effecting the arrest; an officer's conduct was not 'lawful' if he used excessive force."  *Mitchell v. Demski*, No. CV06-0969-PHX-MHM, 2007 WL 2023471, at *4 (D. Ariz. July 11, 2007); *see*

*Dominguez v. Shaw*, No. CV 10-01173-PHX-FJM, 2011 WL 4543901 (D. Ariz. Sept. 30, 2011); *Hall v. City of Tempe*, No. CIV. 12-2094-PHX-PGR, 2013 WL 4079199 (D. Ariz. Aug. 13, 2013).   Thus, an individual who has been convicted of resisting arrest in Arizona cannot bring an excessive force claim arising out of that arrest unless his conviction has been overturned or invalidated in a separate proceeding.

Plaintiff has been convicted of resisting arrest in Arizona.   Doc. 48-1 at 18. Plaintiff does not contend that this conviction has been overturned.   Therefore, Plaintiff's excessive force claim fails as a matter of law.   *Heck*, 512 U.S. 477.[3]

### B.      Excessive Force After Arrest.

Plaintiff's complaint could be construed as asserting a second excessive force claim relating to the arresting officers' conduct after the arrest.   Under the heading "statement of facts," Plaintiff's complaint states the following:

> During transport to the hospital the Plaintiff was hand cuffed and had ankle shackles place on him.   In which both were tied together.   In Plaintiff's statement he was told by a fellow officer that was with Plaintiff in an ambulance that he needed to be restrained again.   Handcuffs were tighten.   Which caused injuries to the Plaintiff.

Doc. 10, ¶ 15 (quoted verbatim).

Plaintiff's conviction for resisting arrest does not preclude an excessive force claim based on post-arrest actions of the officers.   *See City of Hemet*, 394 F.3d at 693. But Plaintiff must still plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).   The amended complaint falls far short of that requirement.   A successful excessive force claim must show that the officers' use of force was objectively unreasonable in light of the facts and circumstances confronting them.   *Graham v.*

---

[3] Plaintiff notes that his conviction is the result of a plea bargain, not a jury verdict (Doc. 49 at 7), but that is a distinction without a difference.   Plaintiff's guilty plea constitutes an admission to every element of the crime of resisting arrest, including the lawfulness of the arrest.   The admission is therefore sufficient to preclude Plaintiff's excessive force claim.   *See City of Hemet*, 394 F.3d at 697 (criminal defendant's entry of guilty plea to crime of resisting arrest would bar a subsequent excessive force claim).

*Connor*, 490 U.S. 386, 397 (1989).  "Whether a particular use of force was 'objectively reasonable' depends on several factors, including the severity of the crime that prompted the use of force, the threat posed by a suspect to the police or to others, and whether the suspect was resisting arrest."  *Tatum v. City & Cty. of S.F.*, 441 F.3d 1090, 1095 (9th Cir. 2006).

Plaintiff has not alleged facts that give rise to the reasonable inference that Defendants' use of force after his arrest was excessive.  Although he states that an officer injured him by tightening his handcuffs, he does not elaborate on the extent of these injuries.  Nor does he offer anything to rebut the inference that the officer's conduct might have been necessary to protect Plaintiff from injuring himself or others.  Plaintiff does not allege that he complained about the tightness of the handcuffs or that the officer was otherwise made aware that the handcuffs were too tight.  Because Plaintiff has not alleged sufficient facts to support a reasonable inference that the officers' use of force after the arrest was objectively unreasonable, Plaintiff has not stated a viable excessive force claim.  Because it may be possible for Plaintiff to cure these deficiencies by pleading additional facts, the Court will grant leave to amend this claim.

### C.    *Monell* Claim.

Plaintiff cannot prevail on a *Monell* claim against Pinal County without first proving that his constitutional rights were violated.  *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 957 (9th Cir. 2008) ("Because there is no constitutional violation, there can be no municipal liability.").  Because Plaintiff's excessive force claims have been dismissed, his *Monell* claim must also be dismissed.  This claim will be dismissed with leave to amend because it may be possible for Plaintiff to cure this deficiency by pleading additional facts.

### IT IS ORDERED:

1.    Defendants' motion to dismiss (Doc. 48) is **granted**.

2.    Plaintiff may file an amended complaint by **March 11, 2016**.  This complaint may assert any claims Plaintiff may have based on Defendants'

conduct after the arrest.  But Plaintiff may not assert an excessive force claim based on conduct occurring during the arrest unless he shows that his conviction has been overturned or invalidated.  If Plaintiff fails to file an amended complaint by **March 11, 2016**, the Clerk is directed to terminate this matter without further order of the Court.

3.      The Rule 16 Case Management Conference currently set for **March 18, 2016 at 3:30 PM** is **vacated** and will be reset if Plaintiff files an amended complaint.

Dated this 16th day of February, 2016.

_____

David G. Campbell
United States District Judge