**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Carmine Micolo, | No. CV-14-02649-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| County of Pinal, et al., | |
| Defendants. | |

Defendants Pinal County and Officer Stacy Sherwood move to dismiss Plaintiff Michael Micolo's third amended complaint.[1]  Doc. 63.  The issues are fully briefed (Docs. 64, 65), and no party has requested oral argument.  For the following reasons, the Court will grant Defendants' motion, with prejudice.

**I.     Background.**

On November 17, 2014, Plaintiff filed his initial complaint in Pinal County Superior Court.  Doc. 1-1 at 9-10.  Defendants removed the case to this Court.  Doc. 1.

On December 31, 2014, Plaintiff filed his first amended complaint.  Doc. 10.  The Court dismissed all claims against the Pinal County Sheriff's Department and all of Plaintiff's state law claims.  Doc. 24.  The remaining claims were stayed pending the state court criminal proceedings against Plaintiff.  Docs. 38, 40, 42, 44, 47.  On

---

[1] Defendants refer to this as Plaintiff's second amended complaint in their motion to dismiss.  This is actually Plaintiff's third amended complaint.  *See* Docs. 10, 60, 62.

1   February 16, 2016, the Court dismissed Plaintiff's excessive force claim against

2   Defendant Sherwood pertaining to conduct that occurred during the arrest as barred by

3   *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), but permitted Plaintiff leave to amend his

4   complaint to address conduct occurring after the arrest.  Doc. 56 at 3-6.  The Court also

5   dismissed Plaintiff's claim against Pinal County under *Monell v. Department of Social*

6   *Services*, 436 U.S. 658 (1978), but granted leave to amend.  Doc. 56 at 6.

7          On March 11, 2016, Plaintiff filed his second amended complaint.  Doc. 60.  The

8   Court dismissed the complaint because he failed to allege sufficient facts to state an

9   excessive force claim relating to post-arrest conduct.  Doc. 61 at 1.  The Court dismissed

10   Plaintiff's malicious prosecution claims as barred by *Heck*, and again dismissed

11   Plaintiff's state law claims.  *Id.* at 2.  The Court granted leave to amend.  *Id.*

12          On April 13, 2016, Plaintiff filed his third amended complaint.  Doc. 62.  This

13   complaint contains an excessive force claim pertaining to conduct that occurred after the

14   arrest, as well as several state law claims.

15   **II.     Legal Standard.**

16          A successful 12(b)(6) motion must show either that the complaint lacks a

17   cognizable legal theory or fails to allege facts sufficient to support its theory.  *Balistreri*

18   *v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  A complaint that sets forth a

19   cognizable legal theory will survive a motion to dismiss as long as it contains "sufficient

20   factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

21   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550

22   U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual

23   content that allows the court to draw the reasonable inference that the defendant is liable

24   for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

25   "The plausibility standard is not akin to a 'probability requirement,' but it asks for more

26   than a sheer possibility that a defendant has acted unlawfully."  *Id.* (citing *Twombly*, 550

27   U.S. at 556).

28          Pro se litigants are subject to the same pleading requirements as everyone else.

*Calugay v. GMAC Mortg.*, No. CV-09-1947-PHX-LOA, 2009 WL 3872356, at *2 (D. Ariz. Nov. 18, 2009) (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986)).  But courts have an obligation "'to construe [pro se] pleadings liberally and to afford the petitioner the benefit of any doubt.'"  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).  If a pro se complaint does not state a claim upon which relief can be granted, the court must grant leave to amend "unless it determines that the pleading could not possibly be cured by the allegation of other facts."  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quotation marks and citation omitted).

**III.   Analysis.**

**A.   Excessive Force Claim.**

A successful excessive force claim must show that the officers' use of force was objectively unreasonable in light of the facts and circumstances confronting them. *Graham v. Connor*, 490 U.S. 386, 397 (1989).  "Whether a particular use of force was 'objectively unreasonable' depends on several factors, including the severity of the crime that prompted the use of force, the threat posed by a suspect to the police or to others, and whether the suspect was resisting arrest."  *Tatum v. City & Cty. of S.F.*, 441 F.3d 1090, 1095 (9th Cir. 2006).

Plaintiff was arrested for assaulting a police officer, resisting arrest, and trespassing.  Doc. 62 at 3, ¶ 10.  Plaintiff admits to resisting arrest.[2]  *Id.* at ¶ 12.  Plaintiff alleges that Defendant Sherwood handcuffed him and, as a result of Plaintiff's continuing to resist arrest, placed leg restraints on Plaintiff.  *Id.*  All of these actions presumably occurred as part of the Plaintiff's arrest, and any claim based on them is barred by *Heck*.

Plaintiff alleges that he suffered injuries from a lack of treatment during his transport to the hospital.  *Id.* at 3-4, ¶ 15.  He appears to claim that these injuries resulted from the inability of medical personnel to treat him due to his restraints.  *Id.*  But Plaintiff makes no allegations against Defendant Sherwood related to these post-arrest incidents.

---

[2] Plaintiff pleaded guilty to resisting arrest.  *See* Doc. 47 at 1.

He does not allege that Defendant Sherwood was present during his transport to the hospital, nor does he provide facts from which the Court could conclude that Defendant Sherwood's restraints were excessive when applied or during transport.  To the contrary, Plaintiff alleges that he was "actively resisting arrest" when the restraints were applied (*id.* at ¶ 12), and that a "fellow officer" – apparently someone other than Defendant Sherwood – concluded during transport "that he needed to restrained again" (*id.* at ¶ 15).  These facts do not show that Defendant Sherwood engaged in any unconstitutional conduct after Plaintiff's arrest, nor do they provide a basis for concluding that Plaintiff's treatment during transport, apparently by another officer, was improper given his continued resistance and need for restraint.  What is more, Plaintiff admits that he has no independent memory of any of these events.  *Id.* at ¶ 16.

Plaintiff's other allegations regarding Defendant Sherwood, contained mostly in his state law claims, include mere conclusions that Sherwood acted improperly.  They provide no additional factual support for the excessive force claim.  *Id.* at ¶¶ 23-48.

Plaintiff has again failed to allege sufficient facts to state an excessive force claim against Defendant Sherwood based on post-arrest conduct.  This is Plaintiff's third attempt to allege such a claim.  The Court is convinced that Plaintiff's complaint could not be cured by further amendments.  The Court will therefore dismiss the excessive force claim with prejudice.

**B      State Law Claims.**

The Court has dismissed Plaintiff's state law claims on multiple occasions.  *See* Docs. 24, 30, 61.  Although Plaintiff has been granted leave to amend his complaint more than once, the Court never granted Plaintiff leave to amend or reassert his state law claims.  For the reasons previously stated (*see* Doc. 30), and because his state law claims continue to contain only conclusions and virtually no facts, the Court will dismiss the state law claims with prejudice.

1    **IT IS ORDERED**:

2    1.    Defendants' motion to dismiss for failure to state a claim (Doc. 63) is

3    **granted.**

4    **2.**    Plaintiff's second amended complaint (Doc. 62) is **dismissed with**

5    **prejudice**.  Plaintiff may not file another complaint in this case.  The Clerk of the Court

6    shall terminate this action.

7    Dated this 20th day of June, 2016.

8

9

10

11    _____

12    David G. Campbell
     United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28